United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN RUSSO,<br>Plaintiff,<br>v.<br>WEST COUNTY DETENTION FACILITY, et al.,<br>Defendants. | Case No. 25-cv-08697-AMO (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO PROVIDE A CURRENT ADDRESS; AND TERMINATING PENDING MOTIONS AS MOOT**<br><br>Re: Dkt. Nos. 8, 22 |

Mail recently sent to Plaintiff Justin Russo, who is representing himself, has been returned twice as undeliverable, indicating that Russo is no longer in custody. Specifically, on June 23, 2026, mail directed to Russo by the Court was returned to the Clerk of the Court with the following notation, "INACTIVE." Dkt. 25 at 1. Further notations indicated: "RETURN TO SENDER[,] REFUSED[,] UNABLE TO FORWARD." *Id.* The second piece of mail returned to the Clerk in this action had the same notations. Dkt. 26 at 1. Likewise, on July 1, 2026, another piece of mail directed to Russo in another action by the Court was returned to the Clerk with similar notations, which also indicated that it was returned as undeliverable because Russo was not in custody as he had been "parole[d]." *See* Case No. 25-cv-08884-AMO (PR), Dkt. 38 at 1. Moreover, a check of the prison's online inmate finder on July 14, 2026, shows that he is no longer listed as being in custody. To date, Russo has not updated his address with the Court or submitted any further pleadings in this case.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may, on its own motion, dismiss an action for failure to prosecute or to comply with a court order. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. *See id.* A court

United States District Court
Northern District of California

should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987). Pursuant to Northern District Local Rule 3-11 a self-represented party whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the self-represented party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the self-represented party indicating a current address. *See* L.R. 3-11(b).

Assuming Russo is still out on parole, the Court expects mail directed to him in this matter will likely be returned as undeliverable. In light of the foregoing, Russo shall inform the Court of his current address no later than **sixty (60) days** from the date mail directed to him in this matter is returned as undeliverable. **Failure to timely inform the Court of his current address shall result in dismissal of this action without prejudice under Local Rule 3-11(b) and Federal Rule of Civil Procedure 41(b).**

All pending motions, including Russo's motion for leave to file a supplemental complaint and his *in forma pauperis* application, *see* dkts. 8, 22, are **TERMINATED** as moot without prejudice to refiling after Russo provides his current address.

**IT IS SO ORDERED.**

Dated: July 17, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**